UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
AGNES ZABALLA SANTOS,

                Plaintiff,

    - against -

NYCBOE, Employer/Payroll; PETER
IANNIELLO, CEO; RENEE HARPER;
DAVID RAMDAT; FRANCINE PERKINS
COLON; HON. JUDGE TAMMY
COLLINS, Unemployment - DOL,

                Defendants.
------------------------------------------------------------------X

MEMORANDUM & ORDER

17-cv-6467 (ENV) (RLM)

VITALIANO, D.J.

        On October 12, 2017, Agnes Zaballa Santos, proceeding *pro se*, brought this action categorized as an employment discrimination complaint, in the United States District Court for the Southern District of New York. The case was transferred here on November 7, 2017. (*See* Transfer Order, ECF No. 4.) Her motion to proceed *in forma pauperis* ("IFP") is granted for the purpose of this Order, but, for the reasons that follow, the complaint is dismissed with leave to replead.

## Background

        Santos commenced this action by filing a form complaint for employment discrimination actions. (*See* Compl., ECF No. 2.) Its incoherent nature, however, makes it all but impossible to discern what, precisely, she alleges. In between the pre-printed lines of the form, plaintiff



includes multiple handwritten, and seemingly nonsensical, entries. For example, she references court cases with no evident connection to her complaint, (*Id.* at 4), money withheld from her paychecks, (*Id.* at 4, 5), "Professional Misconduct of LLC," (*Id.* at 4), and teaching in the Philippines and Nigeria, (*Id.* at 5), without explaining how these events pertain to employment discrimination. Perhaps with greater connection to the present case, Plaintiff does mention the United Federation of Teachers and New York City Schools Chancellor Carmen Farina, but it is not clear when and where plaintiff was employed by the New York City Board of Education, a named defendant in this action. (*Id.*) It appears, though, that Santos may be alleging discrimination based on her race or national origin, which she describes as "Philippine American," (*Id.* at 4), and a disability stemming from a referenced accident in 2000 (*Id.* at 4).

Plaintiff also states that she contacted the Equal Employment Opportunity Commission ("EEOC"), but was discouraged from filing a charge of discrimination by "the arrogant female staff." (*Id.* at 6.) Nonetheless, she states that "a notice of EEOC was filed," and the box indicating that she received a Notice of Right to Sue was checked on the form pleadings. (*Id.*) Yet, no such letter is attached.

## Standard of Review

Under Rule 8 of the Federal Rules of Civil Procedure, a civil action complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This rule does not require a plaintiff to provide "detailed factual

2

allegations" in support of his or her claims in order to survive a motion to dismiss, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007), but it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). Mere conclusory allegations or "naked assertions" will not survive a motion to dismiss without at least some "further factual enhancement" providing substance to the claims alleged. *Twombly*, 550 U.S. at 557. Moreover, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," and to nudge a plaintiff's claims "across the line from conceivable to plausible." *Id.* at 555, 570.

There is another standard applicable here. When a plaintiff proceeds without legal representation, a court must regard that plaintiff's complaint in a more liberal light, affording the pleadings of a *pro se* litigant the strongest interpretation possible. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007); *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 471 (2d Cir. 2006) (per curiam). Even so, *pro se* complaints, like other pleadings, must still contain sufficient factual allegations to meet the plausibility standard. *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). Accordingly, a court must dismiss an IFP complaint if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). On the other hand, where a liberal reading of the pleading "gives any

indication that a valid claim might be stated," the court must grant leave to amend it at least once. *See Cuoco v. Moritsugu,* 222 F.3d 99, 112 (2d Cir. 2000) (quotation and citation omitted).

## Discussion

Santos's complaint fails to conform with the dictates of Rule 8, as it is not a "short and plain statement of the claim." Indeed, it is unclear even what the plaintiff herself believes her claim to be. Notwithstanding, various statements in the pleadings provide a starting point for analysis. Because the complaint is filed on a form for employment discrimination and because the complaint includes some references to past employment and a potential disability, the Court considers whether plaintiff states a claim under Title VII of the Civil Rights Act of 1964 ("Title VII") or Title I of the Americans with Disabilities Act of 1990 ("ADA").

Title VII provides that it is unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). In order to state a claim under Title VII, the plaintiff must establish (1) that she is a member of the protected class, (2) that she was qualified for the position, (3) that she was subject to an adverse employment decision and (4) that the adverse employment decision was made under circumstances giving rise to an inference of unlawful discrimination. *Vega v. Hempstead Union Free School Dist.,* 801 F.3d 72, 83 (2d Cir. 2015).

Similarly, the ADA makes it unlawful for an employer to "discriminate against a qualified individual on the basis of disability." 42 U.S.C. § 12112(a). A *prima facie* case of discrimination pursuant to the ADA requires a plaintiff to show that (1) her employer is subject to the ADA; (2) the plaintiff was disabled, or perceived to be disabled, within the meaning of the ADA; (3) the plaintiff was otherwise qualified, with or without reasonable accommodation; and (4) the plaintiff suffered an adverse employment action because of the disability. *Brady v. Wal-Mart Stores, Inc.*, 531 F.3d 127, 134 (2d Cir. 2008).

In addition, and critically here, in order to pursue a claim in federal court for employment discrimination under either Title VII or the ADA, a plaintiff is required to first file a charge of discrimination with EEOC, or a state or local agency charged with investigating claims of discrimination in employment, and receive a right-to-sue notice. *See* 42 U.S.C. §§ 2000e–5(e), (f); 42 U.S.C. § 12117(a); *Deravin v. Kerik*, 335 F.3d 195, 200 (2d Cir. 2003).

Applying these well-recognized pleading standards, it is clear that the complaint filed by Santos fails to state a claim under Title VII or the ADA. It states only that plaintiff is Philippine American and suffered injuries in a car accident. The complaint does not provide even the basic facts regarding her employment and any alleged adverse employment actions taken against her on the basis of her race, national origin and/or her disability status. Moreover, Santos has not established that she received a right-to-sue notice from EEOC or a state or local agency tasked with similar authority and responsibilities.

## Conclusion

For the foregoing reasons, Santos has failed to state a claim of employment discrimination upon which relief may be granted, obligating the Court to dismiss any and all such claims pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). However, this dismissal is without prejudice and with leave to amend her claim, should Santos be able, in good faith, to assert facts supporting each amended claim. Plaintiff must also indicate that she has exhausted the administrative remedies previously described and submit a right-to-sue letter from EEOC or similar agency by attaching it to her amended complaint.

As authorized by this grant of leave, Santos may file an amended complaint within 30 days from the date this Order is entered on the docket. Should she decide to file an amended complaint, the amended complaint shall be captioned "Amended Complaint," and bear the same docket number as this Order. Plaintiff is advised that the amended complaint will completely replace the original complaint. If Santos fails to timely file an amended complaint within 30 days of the entry of this Order on the docket, this case will be dismissed with final judgment entered for defendants.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to send plaintiff a copy of this Memorandum & Order, together with a form complaint for employment discrimination actions, and to note the mailing on the docket.

So Ordered.

Dated: Brooklyn, New York
December 6, 2017

/s/ USDJ ERIC N. VITALIANO
ERIC N. VITALIANO
United States District Judge